HOPKINS v. GRAY ET AL.

1. **Promissory Note**: INDORSEMENT: RELEASE OF INDORSEE. Where the payee of two notes transferred the same by indorsement and executed a mortgage to secure the payment thereof, it was *held* that while an extension of time upon one of the notes would discharge the indorsee from liability thereon, it would not affect his liability upon the other.

*Appeal from Clinton Circuit Court.*

MONDAY, JUNE 9.

ON the 5th day of October, 1875, Hugh Taylor executed to the defendant Daniel Gray two promissory notes, each for the sum of four hundred dollars, one due on the 1st day of October, 1876, and the other due on the 1st day of January, 1877. The defendant Gray transferred these notes by indorsement to plaintiff, waiving demand, notice and protest, and to secure the payment of the notes executed a mortgage to plaintiff upon certain real estate. The plaintiff prays judgment for the amount of the two notes, and for a foreclosure of the mortgage. For defense the defendant Gray alleges that for a valuable consideration the plaintiff extended to Hugh Taylor the time of payment of the note which became due on the 1st day of October, 1876, to the 1st day of January, 1877; that in January, 1877, Hugh Taylor tendered to plaintiff the sum of two hundred and seventy dollars, in part payment of both notes, which plaintiff refused to accept, and that afterward Taylor offered to pay plaintiff the interest on both notes, amounting to about eighty dollars, which plaintiff refused to accept. The cause was tried to the court, and judgment was rendered for the plaintiff on the note which became due January 1, 1877. From this judgment the defendants appeal.

*J. S. Darling*, for appellants.

*A. R. Cotton*, for appellee.

Hopkins v. Gray.

DAY, J.—The evidence shows that for a valuable consideration the plaintiff granted Taylor an extension of time upon the note maturing October 1, 1876, to January 1, 1877. The evidence also shows that Taylor, in January, 1877, offered to pay plaintiff two hundred and seventy dollars on the note last due, on condition that plaintiff would take the defendant Gray for the balance, one hundred and thirty dollars, which offer plaintiff declined; and that a few days thereafter Taylor offered to pay plaintiff a year's interest, eighty dollars, on the two notes, on condition that he would extend the time of payment on the notes one year, which offer the plaintiff refused. These offers of payment being both coupled with conditions which the plaintiff had a right to refuse, his failure to accept the offers of payment constitute no defense to the notes. The extension of time to the maker of the note was given upon the note maturing October 1, 1876. The judgment from which the defendants appeal was rendered upon the note maturing January 1, 1877. We cannot see how the extension of time upon one of these notes can affect the plaintiff's right of recovery upon the other. The fact that the two notes are secured by one mortgage is not material. The notes are independent of each other. The plaintiff asks for judgment in this court against the appellants and their sureties on the *supersedeas* bond. He is entitled to this.

AFFIRMED.

1 PROMISSORY note: in torsement: release of indorsee.